**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4486**

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

        v.

JOSE ALBERTO PADRON, a/k/a Mirio Alberto Lopez,

                 Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.   G. Ross Anderson, Jr., Senior District Judge.   (8:08-cr-00628-GRA-12)

Submitted:  December 9, 2010          Decided:  January 3, 2011

Before DUNCAN and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert M. Sneed, ROB SNEED LAW FIRM, LLC, Greenville, South Carolina, for Appellant.   Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Alberto Padron appeals the district court's judgment imposing a sentence of 135 months in prison and 5 years of supervised release after he pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (2006). Padron's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal, but raising the issue of whether the district court erred in applying a two-level enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(c) (2008). Padron was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appeal, we presume that a sentence within a properly

2

calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

The probation officer determined that Padron's base offense level was thirty-four under USSG § 2D1.1(c)(3) based on the parties' stipulation that he was responsible for at least 1.5 kilograms but less than five kilograms of methamphetamine. The probation officer also determined that he was an organizer, leader, manager, or supervisor in a criminal activity and added two offense levels under USSG § 3B1.1(c). With a three-level reduction for acceptance of responsibility, and criminal history category I, Padron's guideline range was 135 to 168 months. Neither party objected to the presentence report, and the district court adopted its findings and guideline calculations. The court sentenced Padron at the low end to 135 months.

On appeal, Padron contends that the district court clearly erred in imposing the two-level increase under USSG § 3B1.1(c) "by failing to make any factual findings regarding the enhancement." Because Padron did not raise this issue in the district court, our review is for plain error. See United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). To establish plain error, Padron must show (1) that the district court erred, (2) that the error is clear and obvious, and (3) that the error affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732-34 (1993). Even when this burden is met, we

have discretion whether to recognize the error, and should not do so unless the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (quotation marks and alterations omitted). We have reviewed the record and conclude that Padron fails to make the required showing. As there were no objections, the district court was permitted to "accept any undisputed portion of the presentence report as a finding of fact," Fed. R. Crim. P. 32(i)(3)(A), and the district court did not plainly err in doing so.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4